IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONYO REECE, ) | | |
| ID # 37470-177, ) | | |
|     Movant, ) | | No. 3:15-CV-2477-B-BH |
| vs. ) | | No. 3:08-CR-167-B-BH (6) |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
|     Respondent. ) | | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody 28 U.S.C. § 2255*, received September 29, 2015 (doc. 17), should be **DENIED** with prejudice.

**I.  BACKGROUND**

Antonyo Reece (Movant) challenges his federal conviction and sentence in Cause No. 3:08-CR-167-B(6). The respondent is the United States of America (Government).

On November 19, 2008, Movant and others were charged by superseding indictment with conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 (Counts One, Sixteen, and Twenty); bank robbery in violation of 18 U.S.C. § 2113 (a), (d) and § 2 (Count Twenty-two); attempted bank robbery 18 U.S.C. § 2113 (a), (d) and § 2 (Counts Three and Eighteen); and using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i), (C)(i) (Counts Two, Four, Seventeen, Nineteen, Twenty-one, and Twenty-three).  (*See* doc. 97.)[1] Movant pled not guilty and was tried before a jury with several co-defendants.

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:08-CR-167-B(6).

According to the appellate court's summary of the evidence at trial, on April 24, 2008, Movant, Corey Duffey, Tony Hewitt, Jarvis Ross, Charles Runnels, Darobie Stenline and Yolanda McDow robbed a Bank of America in Irving, Texas, of $84,000, using a taser to stun bank tellers. On May 16, 2008, they went to a Bank of America in Fort Worth, Texas, for another planned robbery. Duffey became suspicious that a man outside of the bank seemed to be aware that there was going to be a robbery, so he canceled it. Through telephone intercepts, the Federal Bureau of Investigation (FBI) learned that the conspirators were planning a robbery at the Regions Bank in Garland, Texas, on June 2, 2008. Near the Regions Bank, FBI agents observed Duffey and Ross parking a vehicle that had been stolen for the robbery. Duffey and Ross met with Hewitt and McDow in the bank's parking lot. Movant and Runnels parked behind the stolen vehicle. Law enforcement officials then moved in to arrest them. Stenline and McDow were arrested without incident, but the other five, who were heavily armed, fled. They were apprehended after high-speed chases, hostage-taking, kidnapping, police stand-offs, and collisions. *See United States v. Duffey*, 456 F. App'x 434 (5th Cir. 2012).

The jury convicted Movant of Counts One through Four and Sixteen through Twenty-three. (*See* doc. 319.)

**A.    Sentencing**

On November 23, 2009, the United States Probation Office (USPO) submitted a Presentence Report (PSR) that applied the 2008 United States Sentencing Guidelines Manual (USSG). (*See* doc. 232-2 at 2, ¶ 32.) For the conspiracy to commit bank robbery offenses (Counts One, Sixteen, and Twenty) the PSR calculated a total offense level of 32, with a guideline range of 135 months to 168 months. (*See id.* at 12, ¶ 94.) The statutory maximum sentence for each count was 60 months,

however. (*See id*.)  For the bank robbery offense (Count Twenty-two) and attempted bank robbery offenses (Counts Three and Eighteen) the PSR calculated a total offense level of 32, with a guideline range of 135 months to 168 months. (*See id*.)  A mandatory sentence of 60 months was required by § 924(c)(1)(A) for the first conviction for use of a firearm during a crime of violence (Count Two), and mandatory sentences of 300 months for each count were required by § 924(c)(1)(C) for the other convictions for use of a firearm during a crime of violence (Counts Four, Seventeen, Nineteen, Twenty-one, and Twenty-three).  (*See id*.)

At sentencing on February 4, 2010, the Court sustained Movant's objection to a two-level increase for use of body armor, which resulted in an offense level of 30 with a guideline range of 108 months to 135 months for the conspiracy to commit bank robbery offenses (Counts One, Sixteen, and Twenty), bank robbery offense (Count Twenty-two), and attempted bank robbery offenses (Counts Three and Eighteen).  (*See* doc. 371 at 17-18.)  It sentenced Movant to imprisonment for 60 months for Counts One, Sixteen, and Twenty, and 120 months for Counts Three, Eighteen, and Twenty-two to be served concurrently.  He was sentenced to imprisonment for 60 months for Count Two, and to 300 months for Counts Four, Seventeen, Nineteen, Twenty-one, and Twenty-three, to be served consecutively.  (*See id*. at 2.)

**B.     Re-Sentencing**

On appeal, the convictions for Counts Three, Four, Eighteen, and Nineteen were reversed and vacated because there was insufficient evidence of the attempted bank robberies and the corresponding convictions for use of a firearm during the attempted bank robberies.  *Duffy*, 456 F. App'x at 444.  The case was remanded for resentencing.  *Id*. at 445.

On May 25, 2012, the USPO submitted an addendum to the PSR that reflected the same

sentencing guidelines for the counts for resentencing that were used by the Court in the original sentencing. (*See* doc. 624.) The Court sentenced Movant to imprisonment for 60 months for Counts One, Sixteen, and Twenty, and 120 months for Count Twenty-two to be served concurrently. He was sentenced to imprisonment for 60 months for Count Two, and 300 months for Counts Seventeen, Twenty-one, and Twenty-three to be served consecutively. (*See* doc. 519 at 2.)

The amended judgment after resentencing was affirmed. *United States v. Ross*, 582 F. App'x 528 (5th Cir. 2014).

**C.   Substantive Claims**

Movant raises the following grounds:

(1)   Appellate counsel was ineffective for not arguing that his Sixth Amendment rights were violated under *Alleyne* by the increase to the mandatory minimum sentences for Counts Seventeen, Twenty-one, and Twenty-three;

(2)   The trial court violated his Sixth Amendment rights under *Alleyne* by the increase to the mandatory minimum sentences for Counts Seventeen, Twenty-one, and Twenty-three;

(3)   Trial counsel was ineffective for failing to:

(a) file pretrial motions and bring to the trial court's attention that Counts Seventeen, Twenty-one, and Twenty-three violated Rule 7(c)(1) of the Federal Rules of Criminal Procedure; and

(b) argue that there was a constructive amendment of the indictment regarding Counts Two, Seventeen, and Twenty-one;

(4)   The sentences for Counts Two, Seventeen, and Twenty-one are unconstitutional, because he should have been convicted under 18 U.S.C. § 924(o) instead of § 924(c)(1)(A), (C); and

(5)   The sentences for Counts Two, Seventeen, Twenty-one, and Twenty-three are unconstitutional in light of *Johnson* because conspiracy to commit bank robbery was not a violent offense.

(3:15-CV-2477-B, docs. 17 at 7-9; 23 at 3-4; 28.)  The Government filed a response on

4

November 23, 2015, and Movant filed a reply brief on December 10, 2015.  (*Id.*, docs. 25, 26.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).  It is well-established that "a collateral challenge may not do service for an appeal."  *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review.  *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error.  *Shaid*, 937 F.2d at 232.  However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments."  *Massaro v. United States*, 538 U.S. 500, 503-04 (2003).  The Government may also waive the procedural bar defense.  *Willis*, 273 F.3d at 597.

## III.  *ALLEYNE*

Movant contends that the increase to the mandatory minimum sentences for Counts Seventeen, Twenty-one, and Twenty-three violated his Sixth Amendment rights under *Alleyne v. United States*, 133 S. Ct. 2151, 2163 (2013), which held that any fact that increases a defendant's

5

mandatory minimum sentence must be submitted to a jury and proven beyond a reasonable doubt. A prior conviction that increases a mandatory minimum sentence under § 924(c)(1)(C)(i) is not a fact that must be submitted to the jury under *Alleyne*, however. *United States v. Coleman*, 817 F.3d 907, 909 (5th Cir. 2016). There was no error in not submitting that matter to a jury.

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Williams*

6

*v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

A.   **Trial Counsel**

Movant contends that trial counsel was ineffective for failing to: file pretrial motions, bring to the trial court's attention that Counts Seventeen, Twenty-one, and Twenty-three violated Rule 7(c)(1) of the Federal Rules of Criminal Procedure, and argue that there was a constructive amendment of the indictment on Counts Two, Seventeen and Twenty-one.

1.   *Federal Rules of Criminal Procedure 7(c)(1)*

Movant contends that Counts Seventeen, Twenty-one, and Twenty-three cite to 18 U.S.C.

7

§ 924(c)(1)(C)(i), which provides the punishment for a second or subsequent violation of subsection 924(c)(1), rather than to § 924(c)(1)(A)(i), which provides the elements of the offense. He asserts that the failure to correctly cite to § 924(c)(1)(A)(i) was improper under Rule 7(c)(1) of the Federal Rules of Criminal Procedure, and that counsel should have moved to dismiss those counts.

"For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1). "Unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction," however. Fed. R. Crim. P. 7(c)(2). "To be sufficient, an indictment needs only to allege each essential element of the offense charged so as to enable the accused to prepare his defense and to allow the accused to invoke the double jeopardy clause in any subsequent proceeding." *United States v. Lineberry*, 185 F. App'x 366, 370 (5th Cir. 2006) (quoting *United States v. Webb*, 747 F.2d 278, 284 (5th Cir. 1984)).

Section 924(c)(1)(A)(i) provides that:

> [e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime be sentenced to a term of imprisonment of not less than 5 years.

Section 924(c)(1)(C)(i) provides that "[i]n the case of a second or subsequent conviction under this subsection, the person shall be sentenced to a term of imprisonment of not less than 25 years."

Here, Count Seventeen of the indictment alleged the use and carrying of a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence:

> On or about May 16, 2008, in the Fort Worth Division of the Northern District of Texas, Corey Deyon Duffey, Tony R. Hewitt, Jarvis Dupree Ross, Darobie Kentay Stenline, Charles Runnels, Antonyo Reece, and Yolanda McDow, the defendants, during and in relation to a crime of violence, namely conspiracy to commit bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) and 18 U.S.C. § 371, as alleged in Count Sixteen of this indictment, for which they may be prosecuted in a court of the United States, did knowingly use and carry a firearm, and the defendants knowingly possessed said firearm in furtherance of the commission of this offense.
>
> In violation of 18 U.S.C. § 924(c)(1)(C)(i).

(Doc. 97 at 22.) Counts Twenty-one and Twenty-three were identically worded except for the date, which they listed as April 24, 2008. (*Id*. at 27, 29.)

The indictment alleged the elements of § 924(c)(1)(A)(i). The indictment's citation to § 924(c)(1)(C)(i) put Movant on notice that the Government was seeking a mandatory 25-year (300-month) sentence for each of Counts Seventeen, Twenty-one, and Twenty-three. He has not shown how he was misled or prejudiced by the lack of a citation to § 924(c)(1)(A)(i) in those counts. *See United States v. Threadgill*, 172 F.3d 357, 373 (5th Cir. 1999) (indictment's lack of citation to statute did not prejudice defendant under Rule 7(c)(2) (then Rule 7(c)(3)) because defendant had adequate notice where the indictment tracked the statutory language and set out the elements of the offense). He has not shown that a motion to dismiss those counts would have been successful. *See Cole v. United States*, 36 F. App'x 215, 215-16 (7th Cir. 2002) (counsel was not ineffective for failing to investigate error under Rule 7(c)(1) due to the indictment's lack of a citation to statute where the indictment alleged the elements of the offense). Movant has not shown that counsel was ineffective for failing to file a motion or object under Rule 7(c)(1). *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) (holding that the failure to present meritless objections or motions does not

9

constitute deficient performance).

### 2. *Constructive Amendment of Indictment*

Movant contends that counsel was ineffective for failing to argue that there was a constructive amendment of the indictment for Counts Two, Seventeen, and Twenty-one. He asserts that those counts were constructively amended during trial because they alleged that he used a firearm during a conspiracy to commit bank robbery, but the evidence at trial showed that a firearm was used during an actual bank robbery and not in the conspiracy to commit bank robbery.

An indictment is constructively amended when the jury is permitted to convict the defendant upon a factual basis that effectively modified an essential element of the charged offense charged." *United States v. Chambers*, 408 F.3d 237, 241 (5th Cir. 2005).

Counts Two, Seventeen, and Twenty-one alleged that Movant used a firearm during the commission of a crime of violence, i.e., conspiracy to commit bank robbery. (Doc. 97 at 4, 22, 27.) The associated counts for conspiracy to commit bank robbery were Counts One, Sixteen, and Twenty. (*Id*. at 2, 20, 25.) Those counts alleged that Movant and others planned and discussed the robberies, including the use of weapons to intimidate bank employees and customers; they were heavily armed; and they either parked near the bank with the intent to commit bank robbery (Counts One and Sixteen) or committed a bank robbery (Count Twenty). (*Id*. at 3, 21, 26.) The factual basis for Counts Two, Seventeen, and Twenty-one included the use of firearms during the robberies, so there was no constructive amendment. Movant is not entitled to relief on this basis.

### B. <u>Appellate Counsel</u>

Movant contends that appellate counsel was ineffective for not arguing that his Sixth Amendment rights were violated under *Alleyne* by the increase to the mandatory minimum sentences

for Counts Seventeen, Twenty-one, and Twenty-three.

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Whether appellate counsel has been ineffective is also determined by using the standard enunciated in *Strickland*, and the movant must show a reasonable probability that he would have prevailed on his appeal but for counsel's deficient representation. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.' " *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462–63 (footnote and citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

As discussed, there was no error under *Alleyne* because the existence of a prior conviction that increases a mandatory minimum sentence under § 924(c)(1)(C)(i) is not a fact that must be submitted to the jury. *Coleman*, 817 F.3d at 909. Counsel was not ineffective for failing to present a meritless argument. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

### IV.  CONSTITUTIONALITY OF SENTENCES

Movant contends that his sentences are unconstitutional.

11

### A.     Section 924(o)

Movant claims that the sentences for Counts Two, Seventeen, and Twenty-one are unconstitutional because he should have been convicted under 18 U.S.C. § 924(o) instead of § 924(c)(1)(A), (C).

Movant was charged with using a firearm during the charged offenses of conspiracy to commit bank robbery under § 924(c)(1)(A), (C) in Counts Two, Seventeen, and Twenty-one. Bank robbery is a crime of violence under § 924(c)(1)(A), (C). *United States v. Cosner*, ___ F. App'x ___, 2017 WL 2562331 (5th Cir. June 13, 2017); *United States v. Brewer*, 848 F.3d 711, 714-16 (5th Cir. 2017). Conspiracy to commit a crime of violence is itself a crime of violence. *United States v. Sealed Appellant 1*, 591 F.3d 812, 821 (5th Cir. 2009). In this case, the Fifth Circuit held that there were multiple conspiracies to commit bank robbery. *Duffey*, 456 F. App'x at 439-41. Movant used a firearm during the multiple offenses of conspiracy to commit bank robbery, so he was properly charged under § 924(c)(1)(A), (C).

Section 924(o) provides that "[a] person who conspires to commit an offense under subsection (c) shall be imprisoned for not more than 20 years." Even if Movant could have been prosecuted under § 924(o), "when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants." *United States v. Batchelder*, 442, U.S. 114, 123-24 (1979). The Government may also choose which sentencing scheme to apply if more than one scheme is applicable. *Id*. at 125. Accordingly, Movant is not entitled to relief on this claim.

### B.     Conspiracy to Commit Bank Robbery – Crime of Violence

Movant contends that the sentences for Counts Two, Seventeen, Twenty-one, and Twenty-

three are unconstitutional in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015), because conspiracy to commit bank robbery was not a violent offense.

In *Johnson*, the Supreme Court held that the imposition of an increased sentenced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B) (regarding a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another"), violates the Constitution's guarantee of due process because the residual clause is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The holding of *Johnson* is retroactively available on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

As discussed, the Fifth Circuit has held in post-*Johnson* cases that the federal offense of bank robbery is a crime of violence under § 924(c)(1)(A), (C). *See Cosner*, 2017 WL 2562331; *Brewer*, 848 F.3d at 714-16; *see also United States v. Stephens*, ___ F. App'x ___, 2017 WL 1826099 (5th Cir. May 3, 2017) (*Johnson* does not bar a conviction under § 924(c) when federal bank robbery is the predicate crime of violence offense). Conspiracy to commit a crime of violence is itself a crime of violence. *Sealed Appellant 1*, 591 F.3d at 821. Movant is not entitled to relief on this claim.

## V. EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that Movant is entitled to no relief, so no hearing is required.

## VI. RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 19th day of June, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE